**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
TIMOTHY J. SULLIVAN
CHIEF MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

May 28, 2026

LETTER TO COUNSEL:

RE:    *Wann S. v. Frank Bisignano, Commissioner of Social Security*[1]
       Civil No. TJS-25-1345

Dear Counsel:

On April 28, 2025, Plaintiff Wann S. petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits ("DIB"). ECF No. 1. The case has been assigned to me for all proceedings with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[2] Having considered the submissions of the parties (ECF Nos. 11 & 13), I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand the case for further proceedings. This letter explains my rationale.

Wann S. filed her application for DIB on December 25, 2020. She alleged a disability onset date of December 23, 2019. *See* Tr. 17. Her application was denied initially and upon reconsideration. *Id.* A hearing was held before an ALJ on November 27, 2023. *Id.* After conducting the hearing, the ALJ issued a written decision dated March 19, 2024, in which she concluded that Wann S. was not disabled under the Social Security Act. Tr. 17-33. The Appeals Council denied Wann S.'s request for review, making the ALJ's March 19, 2024, decision the final, reviewable decision of the agency.

The ALJ evaluated Wann S.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. At step one, the ALJ found that Wann S. has not engaged in substantial gainful activity since December 23, 2019. Tr. 19. At step two, the ALJ found that Wann S. suffers from the following severe impairments: "anemia on iron supplements, migraines, vertigo, osteoarthritis bilateral knees, status post left knee arthroscopy, headaches, [] major depressive disorder, generalized anxiety disorder, anxiety disorder, panic disorder, cognitive impairment, and obesity." Tr. 19. At step three, the ALJ found that Wann S.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth

---

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. He is therefore substituted as the defendant in this matter. See Fed. R. Civ. P. 25(d); 42 U.S.C. § 405(g).

[2] This case was originally assigned to Judge Douglas R. Miller. On March 30, 2026, it was reassigned to me.

in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 25-28. The ALJ determined that Wann S. retains the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except the claimant can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. She can occasionally balance, stoop, kneel, crouch, and crawl. She cannot work around hazards such as moving machinery and unprotected heights. She can tolerate exposure to lights no brighter than a typical office setting level (no flashing or strobe lights), and noise no louder than a typical office setting level (moderate noise). She can finger, handle, and reach frequently. She can understand, remember and carry out simple instructions, but not at a production pace as defined in the Selected Characteristics of Occupations. She can make simple work-related decisions. She can tolerate few changes in a routine work setting. She can frequently interact with supervisors and coworkers. She can perform occasional tandem work (meaning directly with others or in teamwork, not referring to proximity to others). She can tolerate occasional interaction with the public.

Tr. 23.

At step four, the ALJ determined that Wann S. is unable to perform past relevant work. Tr. 31. At step five, considering the testimony provided by a vocational expert ("VE"), as well as the claimant's age, education, work experience, and RFC, the ALJ determined that Wann S. could perform jobs that exist in significant numbers in the national economy, including parking lot attendant, routing clerk, and ironer. Tr. 32-33.

Wann S. argues that the ALJ improperly assessed her RFC by, among other things, failing to explain how the RFC accounted for her moderate limitations in concentration, persistence, or pace, and failing to address the degree to which she could perform at her RFC for a full workday and workweek. Because the Court agrees with this argument, the Court will remand this case for further proceedings. The Court declines to address Wann S.'s alternative arguments.

The ALJ found that Wann S. has a moderate limitation with regard to concentrating, persisting, or maintaining pace. Tr. 22.  The ALJ explained:

> With regard to concentrating, persisting or maintaining pace, the claimant has a moderate limitation. She reported that she no longer tries to follow written instructions. However, if she places a reminder [on] her phone, she will complete spoken instructions (Exhibit 11E).
>
> In her June 2021 function report, she indicated that she has problems with completing tasks and concentration. However, she reads her Bible and watches TV; she follows written instructions well but spoken instructions have to be repeated (Exhibit 5E). Finally, on February 6, 2021, she had normal comprehension (Exhibits 2F/18 and 5F/2).

Tr. 22.

The ALJ explained how the RFC was meant to account for Wann S.'s mental impairments:

The above residual functional capacity restricting her to understand, remember and carry out simple instructions, but not at a production pace; simple work-related decisions; tolerate few changes in a routine work setting; perform frequent interaction with supervisors and coworkers; perform occasional tandem work, and occasional interaction with the public, accommodates and is supported by her diagnosis of major depressive disorder, generalized anxiety disorder, anxiety disorder, panic disorder, and cognitive impairment.

The decisional residual functional capacity is consistent with a totality of the medical evidence of record demonstrating the claimant's normal short-term memory, normal language, normal speech, normal comprehension, advanced education, as well as a history of working in skilled-leveled professions. (Exhibits 2F/5F). In conclusion, the undersigned finds that the evidence, facts, claimant behavior and activity indicative that the claimant's impairments are not as disabling as alleged.

Tr. 31.

In *Mascio*, the Fourth Circuit held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the [claimant] to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). This is because "the ability to perform simple tasks differs from the ability to stay on task." *Id.* Where an ALJ finds that a claimant has limitations in concentration, persistence, and pace, the ALJ is required to incorporate these limitations into the claimant's RFC or explain why they do not "translate into [such] a limitation." *Id.*; *see also Linger v. Comm'r of Soc. Sec.*, No. 22-2192, 2025 WL 40548, at *5 (4th Cir. Jan. 7, 2025) (explaining that an ALJ erred by saying nothing about a claimant's ability to perform tasks for a full workday, given the claimant's moderate limitations in concentrating, persisting, or maintaining pace and moderate limitations in remembering information).[3]

Because the ALJ found that Wann S. had moderate limitations in concentration, persistence, or pace, the ALJ was required to incorporate those limitations into the RFC or explain why no limitation in the RFC was required. The ALJ failed to do so here. Although the ALJ limited Wann S. to following simple instructions, making simple decisions, and not working at a production-rate pace, "the ability to perform simple tasks differs from the ability to stay on task." *Mascio*, 780 F.3d at 638. The ALJ's explanation of how the RFC accommodates the claimant's limitations in concentration, persistence, and pace (or why no accommodation for these limitations

---

[3] Unpublished Fourth Circuit opinions are cited "for the persuasiveness of their reasoning, not for any precedential value." *Ortiz v. Ben Strong Trucking, Inc.*, 624 F. Supp. 3d 567, 580 (D. Md. 2022).

is required) falls short of what *Mascio* required. Instead of explaining why the ALJ concluded that Wann S. could perform at the RFC for a full workday in spite of her moderate limitations in concentration, persistence, and pace, the ALJ simply concluded that this was the case. The ALJ "fail[ed] to provide a logical explanation of how she weighed the record evidence and arrived at her RFC findings." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019), *as amended* (Feb. 22, 2019) (explaining that "a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion," and that "meaningful review is frustrated when an ALJ goes straight from listing evidence to stating a conclusion"). The limitations in the RFC may have accounted for the claimant's difficulties in concentration and pace, but they do not account for what difficulties the ALJ found the claimant might have in persisting with her work on a full-time basis.

The Commissioner cites evidence in the record that might support the ALJ's RFC determination. ECF No. 13 at 14-16. But the Commissioner's explanation of how the evidence supports the ALJ's conclusion is not what the Court has been asked to review. Instead, the Court is tasked with reviewing the ALJ's decision to determine whether it is supported by substantial evidence and whether the ALJ applied the proper legal standards. The ALJ did not expressly address how the claimant would be able to maintain concentration, persistence, or pace at levels necessary to sustain full-time employment. *See McLaughlin v. Colvin*, 200 F. Supp. 3d 591, 596-97 (D. Md. 2016) (explaining that where an ALJ finds a claimant to have moderate limitations in concentration, persistence, and pace, it is "reasonable to assume" that those limitations might translate into a decrease in productivity such that the ALJ must explain how the claimant could remain on task for the portion of the workday that the VE testified is necessary to maintain employment); *Linger*, 2025 WL 40548, at *5 (concluding that an ALJ "failed to bridge the logical gap between his mental findings at step three and his RFC determination," in that the ALJ "determined certain functions he believed [the claimant] could perform (e.g., 'simple, routine and repetitive 1 to 2 step tasks' with 'no fast paced production requirements')" but "said nothing about [the claimant's] ability to perform them for a full workday, given the moderate limitations in [the claimant's] ability to concentrate, persist, or maintain pace and moderate limitations in remembering information").

Without a clear and specific explanation as to how the RFC accounts for Wann S.'s difficulties in concentration, persistence, and pace, the Court is unable to properly review the ALJ's decision. *See Laura G. v. Kijakazi*, No. BAH-22-1380, 2023 WL 1865618, at *5 (D. Md. Feb. 9, 2023) ("After an ALJ has made a step three finding that a claimant suffers from moderate CPP difficulties, the ALJ must either include a corresponding limitation in the RFC or explain why no such limitation is necessary. . . . The ALJ did neither, so remand is required."); *Chad H. v. Kijakazi*, No. BAH-22-1241, 2023 WL 2837524, at *1 (D. Md. Apr. 6, 2023) (same); *Kimberli H. v. Kijakazi*, No. MJM-22-2850, 2023 WL 8479510, at *5 (D. Md. Dec. 7, 2023) (remanding the case because "the ALJ failed to provide adequate explanation and support for her decision that Plaintiff was moderately limited in concentration, persistence, and pace; failed to include this limitation in the hypothetical posed to the vocational expert, or explain this omission; and failed to account for this limitation in the RFC assessment, or explain its omission"). Accordingly, this case will be remanded for further proceedings.

For the reasons set forth herein, both parties' briefs, construed as motions for summary judgment (ECF Nos. 11 & 13), are **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is **REVERSED**. The case is **REMANDED** for further proceedings in accordance with this opinion. In so holding, the Court expresses no opinion on the agency's ultimate disability determination.

The Clerk is directed to **CLOSE** this case.

Sincerely yours,

_____/s/_____

Timothy J. Sullivan
Chief United States Magistrate Judge